PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
03/26/99
THOMAS K. KAHN
CLERK

No. 96-2577

D. C. Docket No. 96-55-CIV-T-24-E

FLORIDA POLK COUNTY,
LAWRENCE W. CROW, JR., Sheriff
of Polk County,

Plaintiffs-Appellees,

versus

PRISON HEALTH SERVICES, INC.,

Defendant-Appellant.

No. 96-3072

D.C. Docket No. 95-1885-CIV-T-17A

FLORIDA ASSOCIATION OF COUNTIES
TRUST, a.s.o. Polk County Sheriff's Office,

Plaintiff-Appellee,

versus

PRISON HEALTH SERVICES, INC.,

Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of Florida

**(March 26, 1999)**

Before TJOFLAT and ANDERSON, Circuit Judges, and HOEVELER*, Senior District Judge.

_____
        *Honorable William M. Hoeveler, Senior U.S. District Judge for the Southern District of
Florida, sitting by designation.

TJOFLAT, Circuit Judge:

These suits to enforce an indemnity agreement began in the circuit court of Polk County, Florida, and were properly removed by the defendant to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1441(a), (b). Once there, the plaintiffs moved the district court to remand the cases to the circuit court on the ground that the indemnity agreement's forum-selection clause required that the controversies be litigated in that court. The district court, concluding that the forum-selection clause should be enforced, remanded the cases to the circuit court. The defendant appeals, contending that the forum-selection clause is "permissive" rather than "mandatory" – meaning that it simply allowed, but did not require, the parties to litigate in the circuit court of Polk County. We affirm.

I.

During March 1990, Prison Health Services, Inc. ("PHS"), entered into a contract with Lawrence W. Crow, Jr., in his capacity as the Sheriff of Polk County, Florida, to provide medical services to inmates of the Polk County correctional system.[1] In April 1994, Michael Cullaton, an inmate of the Polk County Jail Annex, suffered a head injury and was taken to the PHS infirmary at the jail. A hematoma developed in Cullaton's brain, which required his immediate hospitalization. The PHS employees at the infirmary failed to recognize the seriousness of Cullaton's situation, however, and thus did not have him transported to the hospital. As a result of their negligence, Cullaton went into a coma; he is now in a vegetative state. Cullaton's guardian thereafter made a claim against the Sheriff for Cullaton's injuries.

_____

[1] The Sheriff made the contact for the benefit of himself, the employees in his office, and Polk County. For simplicity of discussion, we treat all of these beneficiaries as the Sheriff.

2

The Sheriff's contract with PHS contains an indemnity agreement that reads, in pertinent part, as follows:

> PHS assumes the entire responsibility for performance of all work and services and duties described in this Agreement. For specific valuable consideration and other benefits . . . PHS further expressly agrees to indemnify SHERIFF . . . and Polk County, Florida, and agrees to hold them . . . harmless from any and all claims or actions for personal injury, death or property damage and from any other losses, and all damages . . . or expenses, including reasonable attorney's fees, which arise out of, in connection with or by reason of, the performance of all services, duties and responsibilities described pursuant to this Agreement . . . .

As soon as Cullaton's guardian presented his claim, the Sheriff notified his insurer, Florida Association of Counties Trust ("FACT"). FACT, in turn, notified PHS of the claim, and asked it to intervene and hold the Sheriff harmless.[2] PHS refused to do so. FACT then informed PHS that it had evaluated the guardian's claim as being in excess of the policy limit of $1 million, and that, unless PHS stepped in, it would settle the claim for the policy limit plus $100,000 the Sheriff would contribute. PHS declined FACT's invitation and FACT and the Sheriff thereafter reached separate settlement agreements with Cullaton's guardian, which totaled $1.1 million. FACT and the Sheriff subsequently brought the instant suits for indemnification, which have been consolidated.[3]

FACT and the Sheriff sued PHS in the circuit court of Polk County because the Sheriff's contract with PHS vested "jurisdiction regarding the rights and obligations of either party under

---

[2] Although the record does not disclose that FACT demanded that PHS hold the Sheriff harmless, we assume that FACT did so. Whether FACT made such demand, however, is not material to our disposition of these appeals.

[3] FACT brought suit as the Sheriff's subrogee.

3

this Agreement and all litigation resulting therefrom . . . in the . . . [circuit court of] Polk County, Florida."[4]  Because diversity of citizenship existed (between the plaintiffs and the defendant), PHS promptly removed the cases to the United States District Court for the Middle District of Florida.  FACT and the Sheriff thereafter moved the district court to remand their cases on the ground that the parties had contracted to litigate the matter in the circuit court of Polk County. The district court agreed and therefore remanded the cases to that court.  PHS now appeals.

## II.

As an initial matter, we must decide whether we have jurisdiction to entertain these appeals.  The district court's remand orders are final in the sense that they terminated the controversy in federal court.  Accordingly, it would appear that we have jurisdiction under 28 U.S.C. § 1291,[5] see Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 715-16, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996) (concluding that remand orders are appealable as a final decision under 28 U.S.C. § 1291),[6] unless 28 U.S.C. § 1447(d), which limits our jurisdiction to review

---

[4] The provision further stated that "all of the rights and obligations of the PARTIES hereto shall be governed both procedurally and substantively by and construed according to the Laws of the State of Florida."

[5] "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."  28 U.S.C. § 1291 (1994).

[6] See also In re Bethesda Mem'l Hosp., Inc., 123 F.3d 1407, 1408 (11th Cir. 1997) (citing Quackenbush for the proposition that direct appeal is the proper vehicle for obtaining appellate review of a remand order); Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc., 122 F.3d 930, 933 (11th Cir. 1997) (determining that the proper avenue for appeal of a remand order is § 1291). Although New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.3 (11th Cir. 1997), decided after Quackenbush, states that the proper means for challenging a remand order is a petition for writ of mandamus, that opinion is in conflict with Quackenbush (and makes no attempt to distinguish it); hence, we ignore it.

4

remand orders, applies. Section 1447(d) forecloses appellate review of a remand order if the order is based on either (1) a procedural defect in the removal of the case or (2) the absence of subject matter jurisdiction. See 28 U.S.C. § 1447(c), (d) (1994); In re Bethesda Mem'l Hosp., Inc., 123 F.3d 1407, 1409 (11th Cir. 1998) ("[O]nly remand orders issued under § 1447(c) and invoking the grounds specified therein . . . are immune from review under § 1447(d)." (citation omitted)).[7] The remand orders at issue are based on neither of these factors; hence, section 1447(d)'s limitation is inapplicable, and we have jurisdiction to entertain PHS's appeals.

Turning to PHS's argument that the indemnity agreement's forum-selection clause is permissive, rather than mandatory,[8] we conclude that construing the clause as permissive would render it meaningless. Neither the Sheriff nor FACT needed the clause in order to sue PHS in the circuit court of Polk County. Under Florida's venue statute, Fla. Stat. ch. 47.011 (1997), the Sheriff and FACT could bring suit against PHS in that court because Polk County is where their causes of action arose. The contract between the Sheriff and PHS was made in Polk County,

---

[7] Section 1447(c) reads, in relevant part:
> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (1994).

[8] The Supreme Court recognized the validity of forum-selection clauses in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907, 1916, 32 L. Ed. 2d 513 (1972). Since that time, we have analyzed these clauses under a "mandatory/permissive" test, enforcing only those clauses that unambiguously designate the forum in which the parties must enforce their rights under the contract. See, e.g., Citro Fla., Inc. v. Citrovale, S.A., 760 F.3d 1231, 1231-32 (11th Cir. 1985).

5

PHS provided the services called for by the contract in Polk County, and PHS's duty to indemnify the Sheriff (and FACT, as the Sheriff's subrogee) was triggered in Polk County.

It is a venerable principle of contract law that the provisions of a contract should be construed so as to give every provision meaning. See Maccaferri Gabions, Inc. v. Dynateria Inc., 91 F.3d 1431, 1439 (11th Cir. 1996) ("An interpretation that gives a reasonable meaning to all parts of the contract will be preferred to one that leaves portions meaningless." (citations and internal quotation marks omitted)); Jameson v. Mutual Life Ins. Co. of N.Y., 415 F.2d 1017, 1020 (5th Cir. 1969) ("An interpretation which gives a reasonable meaning to all provisions is preferable to one which leaves a portion of the [contract] useless, inexplicable or creates surplusage.").[9] To read the forum-selection clause as permissive would render it surplusage, because the circuit court of Polk County – for the reasons stated above – already had the authority to entertain any controversy arising out of the contract. To read the clause as mandatory – thus requiring all litigation arising out of the contract to take place in the circuit court of Polk County – gives the provision meaning. If we were to accept PHS's argument, therefore, we would be forced to disregard a fundamental principle of contract law. We refuse to do so.

In sum, we uphold the district courts' decisions to enforce the forum-selection clause. The district courts' remand orders are therefore AFFIRMED.

---

[9] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the Former Fifth Circuit handed down prior to October 1, 1981.