<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 United States Court of Appeals
                     For the First Circuit
                      ____________________

No. 99-2140

        AUTORIDAD DE ENERG A EL
CTRICA DE PUERTO RICO,

                      Plaintiff, Appellee,

                               v.

  ERICSSON INC., F/K/A ERICSSON GE MOBILE COMMUNICATIONS INC.;
                   FEDERAL INSURANCE COMPANY

                    Defendants, Appellants.

                      ____________________

                           JOHN DOE,

                           Defendant.
                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

       [Hon. Carmen Consuelo Cerezo, U.S. District Judge]

                      ____________________
                     
                             Before

          Selya, Boudin, and Lynch, Circuit Judges.
                                
                      ____________________

 Roberto C. Quiones-Rivera, with whom Samuel T. Cspedes,
Carmen Hilda Bus, and McConnell Valds were on brief, for
appellants.
 Cornelius J. Moynihan, Jr., with whom Alberto Cuevas
Trisn and Juan A. Perez Lopez were on brief, for appellee.

                      ____________________
                     
                        January 6, 2000
                      ____________________

 LYNCH, Circuit Judge. In 1992, Autoridad de Energa
Elctrica de Puerto Rico (the Puerto Rico Electric Power Authority)
entered into a $7.5 million contract with Ericsson GE Mobile
Communications, Inc., to purchase a trunk radio system guaranteed
to function for fifteen years. The Authority, or PREPA, generates,
transmits, and distributes almost all of the electricity used in
the Commonwealth. PREPA came to think that the equipment it had
purchased was not Y2K-compliant. In July 1999, PREPA sued Ericsson
in the courts of the Commonwealth for a declaration that Ericsson
was required to upgrade the equipment (without further charge)
under the contract and for injunctive relief to the same effect.
 Ericsson removed the case to federal court based on
diversity and moved to stay all proceedings under the Y2K Act, Pub.
L. No. 106-37, 113 Stat. 185 (1999) (codified at 15 U.S.C.  6601-
6617). In the meantime, PREPA moved to remand to the Commonwealth
court based on Article 28 of the contract, which PREPA
characterized as a forum-selection clause. Without acting on
Ericsson's Y2K Act stay motion, the federal district court remanded
the matter to the Commonwealth court.  
 Ericsson appealed and this court issued a stay of the
remand order. Our stay order permitted the district court to
address ordinary matters that were not inconsistent with the
prosecution of the appeal. PREPA had taken no action in the
district court in the interim as of the time of oral argument.
 The appeal raises several issues, most of which are of
first impression for this court. First, does 28 U.S.C.  1447
preclude jurisdiction in this court in a removed case to review a
remand order based on a contract's forum-selection clause? The
question is complicated by the need to consider the effect of the
1996 amendment to 28 U.S.C.  1447(c). Second, does the final
judgment rule nonetheless bar review of this case, or does the case
fall within one of that rule's exceptions? Third, does the language
of the contractual clause mean that the parties agreed only that
they would consent to jurisdiction in the Commonwealth courts or,
alternatively, that those courts would have exclusive jurisdiction?
Fourth, should this court address Ericsson's contention that the
Y2K Act mandates that a stay of the district court proceedings be
issued?  
 We conclude that we have jurisdiction. Remand orders
based on contractual forum clauses are not within the bar on
appellate review in 28 U.S.C.  1447(d). We also join every other
circuit court that has addressed the issue in holding that forum
clause-based remand orders fall within the collateral order
doctrine, are final for the purpose of the final judgment rule,
and, consequently, are subject to review by direct appeal. Further,
we conclude that the district court erred in its reading of the
clause and that its remand of the case to the Commonwealth courts
was improper. A clause that simply consents to jurisdiction in one
court does not by its terms exclude jurisdiction in another court.
This case is properly in the federal courts and we conclude that
the district court should address the matter of the Y2K Act stay in
the first instance.

I. Jurisdiction in this Court
A. The Effect of 28 U.S.C.  1447
 This court has not previously addressed the issue of
whether review is available when the remand was based on a forum-
selection clause; other circuits have concluded that there is
appellate jurisdiction because a forum-selection clause is not a
ground stated in  1447(c) as to which review is precluded. See
Snapper, Inc. v. Redan, 171 F.3d 1249, 1255-56 nn.8 & 15 (11th Cir.
1999) (citing cases). At oral argument, PREPA's able counsel
conceded that we would have jurisdiction to review the remand order
unless the 1996 amendment to 28 U.S.C.  1447(c) altered the prior
analysis in the case law. He also admitted that there would be
jurisdiction if this court accepted the Eleventh Circuit's analysis
in Snapper.
 We briefly explain what is at issue. The question is
whether to apply here the bar to review of certain remand orders
contained in  1447(d):
       [a]n order remanding a case to the State court
   from which it was removed is not reviewable on
   appeal or otherwise.  

In 1976, the Supreme Court held that the prohibition in  1447(d)
applies only to remand orders based on the grounds specified in
1447(c). See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S.
336, 346 (1976). In 1988, the text of  1447(c) was revised. It no
longer spoke of remands for cases "improvidently removed" or
"without jurisdiction," the language interpreted by Thermtron.
Instead, the new language spoke of remands "on the basis of any
defect in removal procedure" or for lack of "subject matter
jurisdiction." In 1996, the statute was amended again. It now
provides:
   A motion to remand the case on the basis of any defect
 other than lack of subject matter jurisdiction must be
 made within 30 days after the filing of the notice of
 removal under section 1446(a).  

Commentators have suggested a possible reading of the amendments to
the effect that  1447(c) now covers all remand orders. See David
D. Siegel, Commentary on 1996 Revision of Section 1447(c), 28
U.S.C.A.  1447 (West Supp. 1999) (the new language is "like a
residuary clause"); see also Thomas R. Hrdlick, Appellate Review of
Remand Orders in Removed Cases: Are They Losing a Certain Appeal?,
82 Marq. L. Rev. 535, 561-69 (1999).
 The basic issue, since there is no question of lack of
federal subject matter jurisdiction, is whether the term "defect,"
as used in the statute, encompasses a remand order that is based on
an interpretation of a forum clause in a contract. We think not,
for two reasons. First, the text of the statute provides a
reasonable meaning for the term "defect," a meaning that refers to
the failure to comply with the various requirements for a
successful removal, as set forth in  1446(a) and (b). Much less
plausible would be a reading of the term "defect" that encompassed
a remand based on a forum-selection clause.
 There is a second consideration. If Congress had truly
desired to overrule Thermtron and its progeny, we think it would
have chosen less oblique means. The Eleventh Circuit's well-
documented analysis of the context and history of the legislative
revisions to the statute convince us that Congress had no such
intent. See Snapper, 171 F.3d at 1254-59; see also Hrdlick, supra,
at 576 (arguing that the legislative "history suggests Congress did
not intend a radical alteration of . . . the appellate bar"). We
join the Eleventh Circuit's conclusion in Snapper that  1447(d) is
not a bar to review of a remand order based on a forum-selection
clause.

B. Final Judgment Rule
 This circuit has never addressed the question of whether
forum clause-based remand orders are reviewable by appeal, as an
exception to the normal rule that only final judgments are
reviewable. In Thermtron, the Supreme Court had stated that "an
order remanding a removed action does not represent a final
judgment reviewable by appeal." Thermtron, 423 U.S. at 352-53. But
this language was limited by Quackenbush v. Allstate Insurance Co.,
517 U.S. 706, 711-15 (1996), which held that an abstention-based
remand order was reviewable by an interlocutory appeal. The Court
found that this type of remand order was reviewable since it
satisfied the collateral order doctrine and was final in the sense
that it put the plaintiff out of federal court. See id. at 714-15.
PREPA says that Quackenbush cannot be transferred to remand orders
based on forum clauses.
 The circuit courts of appeals that have addressed this
issue have all concluded that remand orders based on forum-
selection clauses are reviewable by interlocutory appeal. See
Florida Polk County v. Prison Health Servs., Inc., 170 F.3d 1081,
1083 (11th Cir. 1999); Milk 'N' More, Inc. v. Beavert, 963 F.2d
1342, 1344-45 (10th Cir. 1992); McDermott Int'l, Inc. v. Lloyds
Underwriters, 944 F.2d 1199, 1204 & n.7 (5th Cir. 1991); Foster v.
Chesapeake Ins. Co., 933 F.2d 1207, 1211 & n.6 (3d Cir. 1991);
Regis Assocs. v. Rank Hotels (Mgmt.) Ltd., 894 F.2d 193, 194-95
(6th Cir. 1990); Karl Koch Erecting Co. v. New York Convention Ctr.
Dev. Corp., 838 F.2d 656, 658-59 & n.1 (2d Cir. 1988); Pelleport
Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 277-
78 (9th Cir. 1984); see also Benson v. SI Handling Sys., Inc., 188
F.3d 780, 782 (7th Cir. 1999) (holding that remand order in
successive removal is reviewable); Pennsylvania Nurses Ass'n v.
Pennsylvania State Educ. Ass'n, 90 F.3d 797, 801 (3d Cir. 1996)
(same for supplemental jurisdiction-based remand order); Gaming
Corp. of Am. v. Dorsey & Whitney, 88 F.3d, 536, 542 (8th Cir. 1996)
(same). For the same reasons the abstention-based remand order was
reviewable in Quackenbush, we find that the forum-based remand
order is reviewable and we join the other circuits that have so
found.
 The two circuit cases on which PREPA relies predate
Quackenbush and have been abrogated. See Doughty v. Underwriters at
Lloyd's, London, 6 F.3d 856, 864 (1st Cir. 1993) (finding no
appellate jurisdiction over abstention-based remand order); Garcia
v. Island Program Designer, Inc., 4 F.3d 57, 59-60 (1st Cir. 1993)
(same).

II. The Forum Clause
 Having confirmed our jurisdiction to hear this appeal, we
turn to the forum clause, the basis for the district court's remand
order. The forum clause, Article 28 of the contract between the
parties, provides:
       This contract will be governed and interpreted
   pursuant to the Laws of the Commonwealth of
   Puerto Rico and the parties agree to submit to
   the jurisdiction of the courts of the
   Commonwealth of Puerto Rico.

The district court summarily allowed the remand motion, saying only
that "Article 28 demonstrates the parties' clear intention to
litigate matters related to the contract in the Commonwealth
courts."  
 Ericsson urges error on two bases: first, the language is
plain that the clause is nothing more than a consent to personal
jurisdiction in the courts of the Commonwealth; and, second, if
there were any obscurity in the language, the clause must, under
Puerto Rico law, see P.R. Laws Ann. tit. 31,  3478, be construed
against the originator of the language. Ericsson is incorporated
and has its principal place of business outside of Puerto Rico,
facts that support Ericsson's reading.  
 PREPA counters with two arguments: the clause is not
ambiguous and Puerto Rico law requires, even if the language were
unclear, that the evident intention of the parties shall prevail.
See P.R. Laws Ann. tit. 31,  3471. If the language were ambiguous,
PREPA says, the usual rule under Puerto Rico law -- that any
obscurity should be read against the drafter -- should not apply.
The clause should not be construed against PREPA because, while
PREPA drafted the clause, it says it considers itself the underdog  
fighting against a big international corporation. The parties agree
that Puerto Rico law governs the contract interpretation question.
 Our review of the contract interpretation question is de
novo. See Lambert v. Kysar, 983 F.2d 1110, 1112 (1st Cir. 1993).
The outcome of this question is determined by our 1993 decision in
Redondo Construction Corp. v. Banco Exterior de Espaa S.A., 11
F.3d 3 (1st Cir. 1993). There, plaintiff sued in federal court in
Puerto Rico and defendant defended on the basis that a forum clause
required the action to be brought in Florida. See id. at 5. This
court disagreed. The contract clause in Redondo stated:
       Borrower and the Guarantors each hereby expressly
   submits to the jurisdiction of all Federal and
   State Courts located in the State of Florida.  

Id. We read the clause to be an affirmative conferral of personal
jurisdiction by consent, and not a negative exclusion of
jurisdiction in other courts. See id. at 6. We do so here as well.
Several circuits have interpreted such forum clause language
similarly. See John Boutari & Son, Wines & Spirits, S.A. v. Attiki
Importers & Distribs., Inc., 22 F.3d 51, 53 (2d Cir. 1994); Caldas
& Sons, Inc. v. Willingham, 17 F.3d 123, 127-28 (5th Cir. 1994);
Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th
Cir. 1987).
 Of some weight is PREPA's argument that this clause would
be rendered mere surplusage by such a reading given that Ericsson
had qualified to do business in Puerto Rico at the time of the
contract and so there was no need for a consent to personal
jurisdiction in the courts of Puerto Rico. See, e.g., Florida Polk,
170 F.3d at 1083-84. But the argument is not persuasive. PREPA, a
frequent litigant in the federal courts, could easily have drafted
the contract to provide for exclusive jurisdiction in the
Commonwealth courts if that were its intent. And that Ericsson had
qualified to do business at the time of the contract did not mean
that it would continue to do so at all times within the statute of
limitations on the contract. Finally, PREPA had an obvious interest
in cutting off any possible litigation on personal jurisdiction
grounds, even if the issue was unlikely to be raised. See McDermott
Int'l, 944 F.2d at 1206 n.10 (explaining the value of consent to
personal jurisdiction by foreign corporations). Because we decide
this as a matter of the language of the contract, we do not
discuss Ericsson's alternative argument that a waiver of a
statutory right of removal must be "clear and unequivocal." See,
e.g., In re Delta Am. Re Ins. Co., 900 F.2d 890, 892 (6th Cir.
1990).
 Accordingly, the order remanding the case to the
Commonwealth courts was error.

III. The Y2K Act and the Motion for Stay
 The Y2K Act, which generally governs civil actions
related to Y2K failure, establishes an initial cooling-off period
designed to facilitate resolution of Y2K problems through voluntary
efforts or alternative dispute resolution. In particular, the Act
requires potential plaintiffs to file a pre-litigation notice. See
15 U.S.C.  6606(a). The potential defendant has thirty days to
respond with a plan to remediate or to enter into alternative
dispute resolution. See id.  6606(c). If the defendant fails to
respond within thirty days, the plaintiff may file suit on the
thirty-first day. See id.  6606(d). If the defendant does respond,
an additional sixty days is allowed to resolve the problem. See id.
6606(e). Where, as here, the plaintiff fails to provide pre-
litigation notice, the defendant may treat the complaint as such
notice by so informing the court. See id.  6606(f). If any
defendant elects to treat the complaint as notice, the Act
provides that "the court shall stay all discovery and all other
proceedings in the action for the appropriate period after filing
of the complaint." Id. (emphasis added). PREPA concedes that the
Y2K Act applies, but disputes Ericsson's contention that it was
entitled to a stay.
 Ericsson continues to press for a stay, pointing out that
it has been in litigation since this action started. PREPA, in
turn, points out that a stay, under the statute, should be "for an
appropriate period," id.  6606(f), and that five months have
passed since the complaint was filed. In response to questions from
this court at oral argument, both parties conceded that the matter
of a stay is better decided by the district court in the first
instance. We agree.
 Accordingly, we vacate the district court's order of
remand to the Commonwealth court and remand the case to the
district court for further proceedings consistent with this
opinion. Costs are awarded to appellants.

</body>

</html>