**PEGASUS TRANSPORTATION, INC.,**
**Plaintiff, Counter-Defendant,**

v.

**LYNDEN AIR FREIGHT, INC.,**
**Defendant, Counter-**
**Claimant.**

No. 93 C 3585.

United States District Court,
N.D. Illinois, E.D.

Nov. 29, 1993.

Michael A. Abramson, Arnstein & Lehr, Chicago, IL, Edward Kiley, Grove, Jaskiewicz & Cobert, Washington, DC, for plaintiff.

Donald Paul Smith, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

On October 13, 1993, this court granted plaintiff, Pegasus Transportation, Inc.'s ("Pegasus") motion for remand to the Circuit Court of DuPage County. Before the court is a motion by defendant, Lynden Air Freight, Inc. ("Lynden") for reconsideration of that order. Briefly, Pegasus's suit for additional tariff fees was remanded based upon a forum selection clause contained in Pegasus's filed tariff. For the first time, Lynden argues that the forum selection clause does not apply to over half the shipments transported by Pegasus. According to Lynden's motion, the forum selection provision was first effective September 27, 1991 and, of the 414 shipments at issue, 221 occurred prior to that effective date. Therefore, Lynden argues, the tariff provision could not operate as a waiver of the right to remove the claims involving those 221 shipments and this much of Pegasus's suit was properly removed. Lynden also argues the court should not remand, but should exercise supplemental jurisdiction over that portion of the suit involving shipments after the effective date of the forum selection provision because those claims form part of the same case or controversy. 28 U.S.C. § 1367(a).

In response to Lynden's motion for reconsideration, Pegasus does not dispute that just over half of the shipments occurred prior to the effective date of the forum selection clause. Pegasus does argue, however, that this court should decline to exercise jurisdiction over that portion of the claim relating to subsequent shipments based upon the court's October 13, 1993 order. Pegasus argues Lynden's waiver of the right to remove such claims is an "exceptional circumstance" constituting a "compelling reason[ ] for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

■ The question presented by Lynden's motion is a novel one, going more to jurisprudential concerns regarding appropriate remedies for violation of forum selection clauses and less to the exercise of supplemental jurisdiction under § 1367(a). The October 13, 1993 order remanded Pegasus's suit as an appropriate remedy for the violation of an enforceable forum selection clause contained in Pegasus's filed tariff. *See Foster v. Chesapeake Ins. Co., Ltd.,* 933 F.2d 1207, 1214–19 (3d Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991) (remand based upon forum selection clause is non-statutory and rests upon determination that clause has been violated). Such a remand is not an exercise of statutory authority contained in either § 1447(c), 28 U.S.C., (defect in removal procedure) or § 1441(c) (separate and independent claims in which State law predominates). *See Foster,* 933 F.2d at 1214–19. Also relevant is the fact that all of Pegasus's claims[1] are federal question claims, seeking additional payment for transportation based upon tariff rates filed with the Interstate Commerce Commission. There are no state-law issues involved that would justify a remand pursuant to § 1441(c). Absent a valid forum selection clause, the court does not have the discretion to decline jurisdiction over Pegasus's claims. *See Foster,* 933 F.2d at 1214 (citing *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)).

At issue is the appropriate remedy when a large portion of related federal question claims are properly removed and another portion of those claims are subject to a valid forum selection clause violated by removal to federal court. To remand only the forum selection claims, allowing both sets of claims to proceed simultaneously in federal and in state court would be wasteful of judicial resources. *See Hays County Guardian v. Supple,* 969 F.2d 111, 125 (5th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1067, 122 L.Ed.2d 371 (1993) (similar situation involving state-law claims). This court must exercise jurisdiction over the pre-forum selection claims properly removed from state court. Therefore, the only other alternative is to retain the remaining claims and not enforce the forum selection clause.[2]

■ The party seeking to set aside a forum selection clause has a heavy burden of proof and absent a very strong showing of unreasonableness, forum selection clauses should be enforced. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 591–92, 111 S.Ct. 1522, 1526–1528, 113 L.Ed.2d 622 (1991). Lynden has, albeit belatedly, made such a showing in this case. Pegasus, as plaintiff, chose to include 221 claims in its complaint relating to periods prior to the effective date of the forum selection clause and now wishes to enforce that clause with respect to the remaining claims. Over half of Pegasus's claims were properly removable by Lynden. Pegasus could not bury them with post-effective-date claims, in an undifferentiated count, in an attempt to broaden the scope of the forum selection clause and thereby defeat Lynden's removal right.[3] Once properly re-

---

1. Pegasus's complaint contains one count including hundreds of claims of undercharged transportation.

2. The *Foster* court noted in dicta that once the district court determined removal violated an enforceable forum selection clause, the court lacked the discretion not to remove the case from its docket, presumably by remand. 933 F.2d at 1216. This dicta is most appropriately understood as a contrast to the holding in *Thermtron* (court had no discretion to remove case from its docket based on crush of cases) and is not an indication that district courts must remand as a

remedy for violations of a forum selection clause. *See id.*

3. Conversely, courts have applied forum selection clauses to entire complaints where plaintiffs have attempted to *avoid* the application of a contract's forum selection clause by stating claims sounding in tort but related to the contract. *See Crescent Int'l, Inc. v. Avatar Communities, Inc.,* 857 F.2d 943, 944–45 (3d Cir.1988); *Young Women's Christian Assoc. of the United States of Am., Nat'l Board v. HMC Entertainment, Inc.,* 1992 WL 279361, at * 5 n. 1 (S.D.N.Y. Sept. 25, 1992).

moved, this court must exercise jurisdiction over the 221 preeffective date claims.

 As the *Hays County Guardian* court noted, simultaneously adjudicating identical claims in both federal and state court "would be a pointless waste of judicial resources." 969 F.2d at 125.[4] This court was unable to locate any cases involving an attempt by a defendant to avoid the application of a forum selection clause based on the overbreadth of plaintiff's complaint.[5] However, courts have held that where a plaintiff's suit is truly broader than the forum selection clause and the structure of the complaint is not an attempt to avoid the forum selection clause, enforcement of the forum selection clause would be unreasonable. *See e.g., Farmland Indus., Inc. v. Frazier–Parrott Commodities, Inc.,* 806 F.2d 848, 852 (8th Cir.1986); *General Environmental Science Corp. v. Horsfall,* 753 F.Supp. 664, 668 (N.D.Ohio 1990). In *Farmland Indus.,* defendants made an argument similar to the one made by Pegasus. If the plaintiff's claims were indeed broader than the applicable forum selection clause, defendants argued, the clause should be enforced to the extent it applies. 806 F.2d at 852. Rejecting this argument, the *Farmland Indus.* court stated that "[a]bsent ... strong policy [reasons (*e.g.,* a statutory requirement)], we see no reason to require piecemeal resolution of this case" in two courts. *Id.*

Defendant seeks to avoid the forum selection clause and it was Pegasus that structured the complaint. Under these circumstances, enforcement of the forum selection clause by remanding less than half of Pegasus's identical claims to the state court would be unreasonable. Therefore, Pegasus's claims for shipments made after the effective date of the tariff's forum selection clause will not be remanded and the entire case will proceed in this court.

IT IS THEREFORE ORDERED that Lynden's motion [18] for reconsideration of

this court's October 13, 1993 order is granted. This court's October 13, 1993 order directing the Clerk of Court to remand this case to the Circuit Court of DuPage County, Illinois, is vacated. Status is set for December 3, 1993 at 9:15 a.m.

---

4. The supplemental jurisdiction statute, cited by the parties, also recognizes this concern for efficient use of judicial resources, directing federal courts to exercise supplemental jurisdiction over claims related to federal question claims. *See* 28 U.S.C. § 1367(a).

5. The more common scenario is an attempt by plaintiff to avoid the forum selection clause. *See supra* note 3.