15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, Plaintiff-Appellee,
v.
ILLINOIS EMPLOYERS INSURANCE OF WAUSAU, Defendant-Appellant.
 No. 92-35272.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Jan. 13, 1994.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Illinois Employers Insurance of Wausau ("Wausau") seeks reversal of the district court's order remanding to the Washington State court an action by Public Utility District No. 2 of Grant County ("Grant PUD") against Wausau (the "Grant action") and staying Wausau's parallel federal court action (the "Wausau action").
 
 
 3
 Wausau argues that a settlement agreement between the parties, relating to third party claims against Grant PUD, allows it to seek a determination of its rights and obligations by a federal or state court in either San Francisco, California, or Spokane, Washington, under a directors and officers liability insurance policy it issued Grant PUD ("Grant policy"). Grant PUD charges that this appeal is moot. Grant PUD also argues that a consent to jurisdiction clause in the Grant policy requires Wausau to submit to the jurisdiction of any court chosen by Grant PUD for resolution of disputes under the policy.
 
 
 4
 Because the district court's decision is based on an analysis of contract language and the application of principles of contract interpretation, we review the decision de novo. Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir.1987). To the extent our inquiry focuses on extrinsic evidence of related facts, however, the district court's conclusions shall not be reversed unless they are clearly erroneous. Miller v. Safeco Title Ins. Co., 758 F.2d 364, 367 (9th Cir.1985).
 
 
 5
 * Addressing Grant PUD's claim first, Grant PUD contends that this appeal is moot for three reasons: (1) the remand of the Grant action to the state court divested the federal district court of jurisdiction; (2) the transfer of the Grant action to the Spokane County Superior Court, one of the jurisdictions in which Wausau claims it could have filed its action, eliminates the prejudice Wausau claims; and (3) Wausau's counterclaims in the Grant action, which the parties state are the same as its claims in the Wausau action, have been dismissed by the state courts.
 
 
 6
 Grant PUD's first contention is meritless. A remand order pursuant to 28 U.S.C. Sec. 1447(c) (lack of subject matter jurisdiction) is not subject to appellate review. 28 U.S.C. Sec. 1447(d); Seedman v. United States Dist. Court for Cent. D. of Cal., 837 F.2d 413 (9th Cir.1988) (per curiam). Here, the district court remanded the case based on the consent to jurisdiction clause in the underlying policy. A remand order based on a consent to jurisdiction clause is not subject to Sec. 1447(d), and hence, is subject to appellate review. Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 276-77 (9th Cir.1984).[1]
 
 
 7
 Next, Grant PUD contends that the transfer of the Grant action to the Spokane County Superior Court, one of the jurisdictions in which Wausau claims it could have filed its action, eliminates the prejudice Wausau claims on this appeal. This contention is not persuasive. The record indicates that the Grant County Superior Court dismissed several of Wausau's counterclaims prior to transferring the action to Spokane County Superior Court. Thus, Wausau still has a viable claim of prejudice--a court other than one of those specifically noted in the purported agreement between the parties dismissed several of Wausau's claims.
 
 
 8
 Finally, Grant PUD contends that even if this Court were to permit Wausau to proceed with its claims in federal district court, its claims for affirmative relief have already been disposed of by the two Washington state courts' dismissals of Wausau's counterclaims in the Grant action. To say that this appeal is moot in light of the dismissals of Wausau's counterclaims ignores the interest Wausau has in defending itself against Grant PUD's claims. We reject the argument.
 
 II
 
 9
 Turning to Wausau's claim, Wausau charges that the remand order fails to recognize the parties' modification of the consent to jurisdiction clause contained in the Grant policy. Before any conclusions can be reached regarding the effect of any alleged modification, however, the effect of the consent to jurisdiction clause itself must be considered.
 
 
 10
 The general consent to jurisdiction clause the parties agreed to is one that has been the focus of much litigation over the past forty years beginning with General Phoenix Corp. v. Malyon, 88 F.Supp. 502 (S.D.N.Y.1949). The clause, which is often referred to as the forum selection clause, states, in effect, that Wausau agrees to submit to the jurisdiction of any court within the United States when a dispute arises as to the payment of sums alleged to be due under the policy. As a result of Wausau's agreement to this clause, Grant PUD charges, Wausau waived its right to remove an action filed by Grant PUD.
 
 
 11
 Since the decision in Malyon holding that the policy provision before it "restrict[ed] the defendant to the Court in which suit [was] first begun against it, be it Federal or State," 88 F.Supp. at 503, courts have consistently recognized that a party to an agreement may waive its right to remove. See Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1217 (3rd Cir.), and the cases cited therein, cert. denied, --- U.S. ----, 112 S.Ct. 302 (1991). Indeed, numerous cases have found that an agreement to the general consent to jurisdiction clause involved in this case waived the right to remove. See id.; see also City of Rose City v. Nutmeg Ins. Co., 931 F.2d 13, 15-16 (5th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 301 (1991). In Pelleport Investors, we held that a party that agreed to a forum selection clause stating that disputes over the underlying agreement "shall be litigated only in the Superior Court for Los Angeles California (and in no other)," 741 F.2d at 275, waived its right to remove a state-court action to federal court, id. at 279-81. Wausau cites no authority or rationale compelling us to rule contrary to these precedents. Wausau's agreement to the consent to jurisdiction clause was a waiver of its right to removal.
 
 
 12
 The next question, therefore, is whether Wausau's right to removal was somehow revived. It was not.
 
 
 13
 In agreeing to fund a portion of the third party claims against Grant PUD, Wausau apparently sought a modification of the consent to jurisdiction clause in anticipation of a refund action against Grant PUD. Grant PUD's counsel confirmed the agreement in a letter dated April 14, 1988. The letter states the following:
 
 
 14
 This confirms that at 9:30 a.m. this morning Wausau agreed to fund Grant's share of the Mid-Columbia settlement to the full extent of the remaining limits of the above referenced policy, in settlement of the claims brought by the Class Plaintiffs and Chemical Bank, as Bond Fund Trustee in MDL No. 551. Wausau and Grant have agreed that Wausau's funding of this settlement is made with a full reservation of rights by both Wausau and Grant. Should Wausau decide to pursue any claims against Grant relating to this settlement, those claims may be filed either in state or federal court in San Francisco, or in state or federal court in Spokane, Washington.
 
 
 15
 Wausau contends that this language reflects the parties' agreement that any claims by Wausau against Grant PUD arising out of the funding of the settlement would be litigated in Wausau's choice of several specific forums. Grant PUD, on the other hand, interprets this language literally, focusing on the full reservation of rights of both parties and the stipulation to several forums in which certain claims by Wausau could be filed.
 
 
 16
 A careful reading of the letter gleans two points: that the agreement between the parties was made with a full reservation of rights by both parties, and that Wausau "may" pursue claims against Grant PUD in state or federal courts in either San Francisco or Spokane. Neither of these points is overriding or inconsistent with the Grant policy's consent to jurisdiction clause. Grant PUD retains the right to file an action against Wausau in any court of competent jurisdiction. Attached to this right is Wausau's waiver of its right to remove. With respect to Wausau's right to pursue an action against Grant PUD, the letter merely specifies the forums in which Wausau "may" file such an action. The permissive nature of Wausau's right to file its claims in either San Francisco or Spokane does not override the mandate in the Grant policy that Wausau submit to the jurisdiction Grant PUD selects. Cf. Hunt Wesson Foods, 817 F.2d at 77-78.
 
 
 17
 Furthermore, while it may very well be that our decision effectively denies Wausau the benefit of its subsequent agreement with Grant PUD as it understood it, this consequence is the result of language Wausau both sponsored and sought to benefit by. To the extent an ambiguity may exist in the letter or in the reconciliation between the letter and the consent to jurisdiction clause, there is no reason to resolve it against Grant PUD, the mere scrivener. See Regis Assocs. v. Rank Hotels (Management) Ltd., 894 F.2d 193, 196 (6th Cir.1990).
 
 III
 
 18
 Finally, Wausau contends that the remand order must be reversed because new evidence shows that significant local bias in Washington State could deprive Wausau of its day in court. Wausau's burden is a heavy one. It must demonstrate that trial in the state court would "be so gravely difficult and inconvenient that [it would] for all practical purposes be deprived of [its] day in court." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17-18 (1972).
 
 
 19
 The district court found, after Wausau admitted it had no empirical evidence of bias in the juror pool of Eastern Washington, that Wausau failed to carry its burden of demonstrating that a lack of impartiality would deny it a meaningful day in court. The evidence of partiality Wausau presents to this Court was not offered to the district court. As a result, the evidence was stricken from the record by the motion panel on July 30, 1992. There being virtually no other evidence of bias in the record, we reject Wausau's contention that the remand order must be reversed because of bias. To the extent the district court should have safeguarded Wausau's interests, it did so by staying the Wausau action rather than dismissing it. See Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 244 (9th Cir.1989).
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pelleport Investors also answers another jurisdictional question--one the parties avoid--whether the remand order is appealable, either as a final judgment, 28 U.S.C. Sec. 1291, or as a collaterally final order within the scope of Cohen v. Beneficial Loan Corp., 337 U.S. 541, 546 (1940). Pelleport Investors holds that an order of this type falls within the collateral-order doctrine. 741 F.2d at 278