[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT. 06, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-13934
_____

D. C. Docket No. 99-03269-CV-N-S

RUSSELL CORPORATION,

Plaintiff-Appellee,

versus

AMERICAN HOME ASSURANCE COMPANY,
COMMERCE AND INDUSTRY INSURANCE COMPANY, et al.

Defendants,

AETNA CASUALTY & SURETY INSURANCE COMPANY, INC.,
THE, a.k.a. Travelers Casualty and Surety Company, et al.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(September 6, 2001)**

Before DUBINA and KRAVITCH, Circuit Judges, DUPLANTIER*, District

Judge.

DUBINA, Circuit Judge:

The Appellants in this case are a group of insurance companies (the "Insurers") who were sued in state court by Appellee Russell Corporation ("Russell"). The Insurers removed the case on diversity grounds, but the district court remanded for want of unanimous consent to removal. We affirm.

## I. **Background**

Russell filed this action in the Circuit Court for Jefferson County, Alabama, seeking to determine whether there is insurance coverage for contamination to a lake and surrounding property allegedly caused by Russell. Russell claimed that the 23 Insurers breached their obligations to defend and indemnify Russell with respect to two civil actions for property damage and personal injury. Two of the Insurers timely removed the case to the United States District Court for the Northern District of Alabama, based on diversity jurisdiction. Russell, however, argued that a service of suit clause contained in its insurance policy with defendant First State Insurance Company ("First State") rendered First State's

_____
*Honorable Adrian G. Duplantier, U.S. District Judge for the Eastern District of Louisiana, sitting by designation.

2

consent void. The service of suit clause provides:

> It is agreed that in the event of the failure of this COMPANY to pay any amount claimed to be due hereunder, this COMPANY, at the request of the INSURED, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.[1]

The district court agreed with Russell and found that the foregoing clause prevented First State from consenting to removal. Accordingly, the district court granted Russell's motion to remand pursuant to 28 U.S.C. § 1447(c) for want of unanimous consent to removal. The Insurers filed timely notices of appeal challenging the district court's remand order.

## II. Issues

(1) Whether this court can review the district court's decision to remand for failure to comply with the unanimity requirement when the district court's decision was based on a service of suit clause that prevented one defendant from consenting to removal.

(2) If the remand order is reviewable, the remaining issue is whether the

---

[1] The particular insurance policy containing the service of suit clause is one of 79 insurance policies at issue in this case. Although some of the other policies contain similar service of suit clauses, the district court did not address these other clauses because the First State clause was the only one undisputedly binding upon the parties. Likewise, our review will be limited to that particular service of suit clause. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

3

district court erred in interpreting the service of suit clause and concluding that the case was due to be remanded because all defendants did not consent to removal.

### III.  Standards of Review

This court has a duty to independently examine our appellate jurisdiction and dismiss when our jurisdictional limits are exceeded.  *See Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

We review a district court's interpretation of a service of suit clause *de novo*. *See Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 774 (11th Cir. 2000); *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1204 (5th Cir. 1991).

### IV.  Discussion

As a preliminary matter, we must decide whether we have jurisdiction over this appeal.  Because the district court's remand order constitutes a final judgment for the purpose of our appellate  jurisdiction, we may review that order unless 28 U.S.C. § 1447(d) applies.  *Florida Polk County v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 (11th Cir. 1999).  Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable

4

on appeal or otherwise . . . ."[2]  Despite this broad provision, the Supreme Court has held that § 1447(d) bars appellate review only where the remand order is based upon grounds specified in § 1447(c).  *Thermtron Prods., Inc., v. Hermansdorfer*, 423 U.S. 336, 346 (1976); *see also Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir. 1999).  Section 1447(c) specifies two grounds for remanding a removed case:  (1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case.  *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *Florida Polk County*, 170 F.3d at 1083.  Therefore, in order to determine whether we have jurisdiction to review this appeal, we must decide whether the instant remand order was based upon either of those grounds.

While there is no question that the first ground dealing with subject matter jurisdiction is not at issue in this case, the second ground is a different matter. Here, the district court remanded the case to state court because the "unanimity requirement" was not met.  The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal.  *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir. 1993); *In re*

---

[2]  Although not at issue here, we note that § 1447(d) does not bar appellate review of remand orders based on 28 U.S.C. § 1443.

5

*Federal Savings & Loan Ins. Corp.*, 837 F.2d 432, 434 (11th Cir. 1988). We have held that a remand based solely on the unanimity requirement, "is clearly based on a defect in the removal process." *In re Bethseda Mem'l Hosp. Inc.*, 123 F.3d 1407, 1410 & n.2 (11th Cir. 1997); *In re Ocean Marine*, 3 F.3d at 355-56. In other words, the general rule is that if a case is remanded for failure to comply with the unanimity requirement, the remand is based on the second ground set forth in § 1447(c). *In re Ocean Marine*, 3 F.3d at 356. Consequently, such a remand is normally not subject to appellate review. *Id.* The matter at hand, however, is not the normal case.

Here, the district court found that the unanimity requirement was not met *only after* it had interpreted the service of suit clause and determined that the clause rendered First State's consent void. In essence, the court made a substantive determination of a contractual provision, which was external to the removal process, and found that the provision precluded First State from removing or consenting to the removal of the state court action. As a result of this finding, the district court concluded that there was a lack of unanimous consent, which, as explained above, is considered a procedural defect. Thus, the remand order was based on a substantive determination outside of the removal process, which led the court to find a defect in the removal process.

This court recently addressed a similar situation in the case of *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir. 1999). *Snapper* involved litigation over numerous security agreements, each of which contained the following forum selection clause:

> The [Guarantor] agrees that any legal action or proceeding with respect to this instrument may be brought in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, all as Creditor may elect. By execution of this instrument, the [Guarantor] hereby submits to each such jurisdiction, hereby expressly waiving whatever rights may correspond to it by reason of its present or future domicile.

*Snapper,* 171 F.3d at 1260. Snapper, Inc., the Creditor, instituted litigation in state court against each of the Guarantors. *Id.* at 1251. The Guarantors timely removed the case to the United States District Court for the Northern District of Georgia, Dekalb County. *Id.* However, the district court promptly remanded the case to state court finding that the forum selection clause in each of the security agreements signed by the Guarantors constituted a waiver of their right to remove. *Id.* at 1251-52.

On appeal, the *Snapper* court noted that § 1447(d) bars appellate review of a remand order based on a defect in the removal process. *Id.* at 1254 & 1259 (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1095-96 (11th Cir. 1997)). However, the court determined that the remand order before it was based solely on

7

the forum selection clauses, which were entirely separate from the removal

process. *Id.* at 1253. The court reasoned that

> [a] remand based on a forum selection clause depends on an adjudication of the meaning of the clause, a determination that is external to the removal process. The ultimate determination that the clause does not permit further adjudication in that particular federal forum does not render the removal "defective" in any ordinary sense of the word; it merely means that the federal court has held the parties to the terms of their agreement, as with any other contractual adjudication.

*Id.* In other words, the court concluded that the district court did not remand due to

a defect in the removal process. *Id.* at 1260. Accordingly, the court in *Snapper*

held that § 1447(d) did not bar appellate review. *Id.*

We recognize that *Snapper* is not directly on point to the case at bar because

the unanimity requirement was not at issue there. However, *Snapper* does provide

instruction that an appellate court may properly exercise jurisdiction over a remand

order which was based on the district court's interpretation of a contractual

provision between the parties. *Id.* Many of our sister circuits share this view.

*Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.*, 838 F.2d 656,

658 (2d Cir. 1988) (reviewing on appeal a remand order based on a forum selection

clause); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207 (3d Cir. 1991) (same);

*McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1201

(5th Cir. 1991) (reviewing on appeal a remand order based on a service of suit

8

clause); *Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 194 (6th Cir. 1990) (holding that in a case where the remand order was based on a forum selection clause, the order was reviewable on appeal because it was predicated on a "substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction"); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276-77 (9th Cir. 1984) (holding that an order remanding to state court on the basis of an interpretation of a forum selection agreement is reviewable on appeal); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1344 (10th Cir. 1992) (same). While the foregoing cases represent persuasive authority, only one circuit court has addressed the precise issue at hand.

In *SBKC Service Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578 (10th Cir. 1997), the Tenth Circuit considered a case virtually identical to the one before us and concluded that § 1447(d) did not prohibit appellate jurisdiction. *Id.* at 581. The district court in *SKBC* remanded the case to state court because one defendant waived its right to remove the case according to the district court's interpretation of certain choice-of-venue clauses. *Id.* at 580. The district court concluded that as a result of the one defendant's inability to remove the case, that defendant was prevented "from joining in or consenting to the removal by the other defendants as required under 28 U.S.C. § 1446." *Id.* In essence, the district court remanded for

failure to comply with the unanimity requirement. *Id.* On appeal, the appellee argued that the remand order was not reviewable because it was based on a procedural defect. *Id.* The court of appeals disagreed.

After discussing an earlier case where the Tenth Circuit held that a remand order based on a forum selection clause was reviewable, the *SBKC* court concluded that § 1447(d) did not prevent it from entertaining the appeal. *Id.* at 581. In reaching this conclusion, the court disregarded the fact that the district court's remand order was ostensibly based on a procedural defect, because "the 'procedural defect' found by the district court arose only because it held [that] the choice of venue clauses rendered [the defendant's] consent void." *Id.* Furthermore, the *SBKC* court noted that if it accepted the district court's characterization of the basis for the remand, it would create an opportunity for any district court to "insulate from review a remand decision predicated upon a contract interpretation by specifically stating that its construction of the agreement voids unity or consent to removal." *Id.* This practice, the court reasoned, would contravene public policy. *Id.* Accordingly, the court exercised jurisdiction over the appeal. *Id.* We agree with the Tenth Circuit's analysis.

As stated, this case is essentially indistinguishable from *SKBC*. Like the district court in that case, the district court here made a decision on the substantive

10

merits of a contractual provision before concluding that the unanimity requirement had not been fulfilled. As in *SKBC*, the district court in this case characterized its remand order as one based on a procedural defect. However, after analyzing the remand order,[3] we conclude that the district court's finding of procedural defect was premised upon its substantive decision regarding the service of suit clause, which was completely external to the removal process. Based on the reasoning contained in *SKBC*, we determine § 1447(d) should not preclude us from reviewing that substantive decision. Because we agree with the holding in *SKBC* and adopt the reasoning contained therein, we hold that the instant remand order is subject to appellate review.

We turn now to the merits of this dispute. The question is whether First State waived its right to consent to removal when it issued an insurance policy to Russell containing a service of suit clause. As noted earlier, the service of suit clause provides that in the event that First State fails to pay any amount claimed to be due under the policy, Russell may bring suit in any court of competent jurisdiction and First State must "comply with all requirements necessary to give such court jurisdiction . . . ." The district court found that by executing this clause,

---

[3] In determining the basis for a remand order, we examine not only the district court's stated reasons, but also the substance of the order. *See Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 553 (9th Cir. 1991); *SBKC*, 105 F.3d at 581.

First State had "agreed to go to, and stay in, the forum chosen by Russell." The court reasoned that allowing First State to participate in the removal from Russell's selected forum would "ignore[] the plain meaning and diminish[] the importance of the language found in the service of suit clause." In short, the district court refused to allow First State to avoid its promise by seeking to remove a claim brought by Russell in state court. After reviewing the record, we find ourselves in agreement with the district court's decision.

The Insurers argue that First State's consent to removal was allowable because the binding service of suit clause is contained in only one of three policies issued by First State to Russell. We disagree. First State clearly granted Russell the power to select the court in which disputes concerning the policy in question would be adjudicated, and the clause in question contains no exception for cases also involving other First State policies. Accordingly, First State's argument is unavailing.

While this court has not ruled upon the precise language contained in the First State policy, every federal court (excluding those addressing removal under the Foreign Sovereign Immunities Act)[4] interpreting this clause has determined

---

[4] The Federal Sovereign Immunity Act provides an *absolute* right of removal to the federal courts by a foreign state to resolve sovereign immunity issues. 28 U.S.C. § 1441(d); *In re Delta America Re Ins. Co.*, 900 F.2d 890, 893 (6th Cir. 1990).

that language essentially identical to that contained in the First State policy constitutes a waiver of the right to remove. *See, e.g., The Travelers Ins. Co. v. The Charter Oak Fire Ins. Co.*, 996 F.2d 1485, 1487-90 (2d Cir. 1993); *Foster v. Chesapeake Ins. Co.* 933 F.2d 1207, 1216-19 (3d Cir. 1991); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, et al.*, 119 F.3d 619, 622-23 (8th Cir 1997); *Public Utility Dist. No. 2 of Grant County v. Illinois Employers Ins. Co. of Wausau*, 15 F.3d 1088 (9th Cir. 1994) (unpublished opinion). Thus, the collective holdings of all federal courts that have addressed similar service of suit clauses would support a remand in this case because First State consented to be sued in any jurisdiction chosen by Russell thereby waiving its right to remove this case to federal court. Moreover, as discussed above, this court has ruled that a similarly worded forum selection clause constitutes a waiver of the ability to seek removal. *See Snapper*, 171 F.3d at 1262.

The Insurers attempt to distinguish *Snapper* to salvage their position against remand. They argue that the *Snapper* court interpreted a policy with slightly different language from that contained in the First State policy. The distinction, however, is immaterial because in both cases the pertinent clause gave the party commencing a lawsuit the sole right to choose the forum for litigation. By the plain language of the service of suit clause contained in its policy, First State

13

agreed to submit to any court of competent jurisdiction selected by Russell and to comply with all requirements necessary to give such court jurisdiction over a dispute between First State and Russell. To permit First State to consent to removal from the forum selected by Russell would defy the express language of First State's contract. *See Snapper*, 171 F.3d at 1260.

In their attempt to evade the effect of the service of suit clause, the Insurers rely on a series of inapposite cases that either depend upon a rationale that has been rejected by this court or concern distinguishable contract clauses that have nothing to do with the right of removal. Indeed, four of the cases relied upon by the Insurers are state court cases (none from Alabama) that do not serve as authoritative precedent for this court. *See Brook Group, Ltd. v. JCH Syndicate 488*, 640 N.Y.S. 2d 479 (N.Y. 1996); *Cannelton Industries, Inc. v. Aetna Cas. & Sur. Co. of America*, 460 S.E.2d 1 (W. Va. 1994); *Whirlpool Corp. v. Certain Underwriters at Lloyd's, London*, 662 N.E.2d 467 (Ill. App. Ct. 1996); *Columbia Cas. Co. v. Bristol-Myers Squibb Co.*, 635 N.Y.S. 2d 173 (N.Y. 1995). These state court cases do not even concern a waiver of the right to remove as here; rather, they address the issue of *forum non conveniens*. This critical difference is determinative since private parties cannot bargain away the power of a federal court to order the dismissal or transfer of a case based upon *forum non conveniens*

14

grounds. As explained in *Archdiocese of Milwaukee v. Underwriters at Lloyd's,*

*London*, 955 F. Supp 1066, 1069 (E.D. Wisc. 1997):

> The difference between remand and forum non conveniens is the difference between a purely private interest and a public interest; therefore, the forum non conveniens cases have no application to a remand case. The defendants' right to remove a case is their right alone. They can waive it, exercise it, or bargain it away. The court and the public have no interest in what the defendants do with their right to remove. On the contrary, forum non conveniens deals with where a case should be tried based on the interests of both the parties and the public. Regardless of what a party bargains away, it may not waive the public's interest; the court must still weigh the public interest involved. . . . The issue is not whether the clause is a forum selection clause (whether it is or not resolves neither the removal nor the forum non conveniens issues); the issue is whether the defendants have waived their right to remove the plaintiffs' case to federal court.

*Id.* (internal citations omitted).

The Insurers also rely on two decisions that are based upon a rationale

expressly rejected by this court and are factually distinguishable from this case.

*Regis Assoc., Inc. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193 (6th Cir. 1990); *In re*

*Delta America Re Ins. Co.*, 900 F.2d 890 (6th Cir. 1990). Both *Regis* and *Delta*

were based on the discredited standard that "[a]lthough the right to remove can be

waived; the case law makes it clear that such waiver must be clear and

unequivocal." *Regis*, 894 F.2d at 195; *In re Delta America*, 900 F.2d at 892. We

rejected this standard in *Snapper*:

> The Guarantors contend that a contractual waiver of removal rights

15

must be "clear and unequivocal" and that the provision at issue does not meet this high threshold. *We reject this standard*.

171 F.3d at 1260 (emphasis added).

These two cases are also distinguishable because: (a) the *Regis* court had considered a different and restrictive service of suit clause, namely that "the parties hereby submit to the jurisdiction of the Michigan Courts," which the court believed was ambiguous as to whether the referenced court in Michigan was federal or state; and (b) in *Delta*, the court strictly construed the service of suit clause because the party in question was a foreign sovereign under the Foreign Sovereign Immunity Act. The *Delta* court retained jurisdiction simply to clarify that in "cases involving foreign states, . . . any claimed waiver of the right to remove stemming from contractual language must be explicit." *Id.* at 894. Of course, the instant case does not implicate a foreign sovereign or any federal interest which would weigh against remand.

Finally, the Insurer's reliance on *McDermott International, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991), is particularly misplaced. In fact, the *McDermott* court stated that a service of suit clause identical to that contained in the First State policy at issue here would normally constitute a waiver of an insurer's removal rights: "When a policy's service-of-suit clause applies, its probable effect is to waive the insurer's removal rights." *Id.* at 1204. The

16

*McDermott* court, however, ultimately decided not to apply the service of suit clause because the Lloyd's policy did not expressly give the insured the right to choose a forum to resolve arbitration disputes and under the Convention on the Recognition of Foreign Arbitral Awards (9 U.S.C. § 205), a waiver of removal rights must be express. *Id.* at 1207-1212. None of the concerns with the enforcement of foreign arbitration awards discussed by the *McDermott* court are present here. Rather, in this case, the Insurers seek to avoid a simple, straightforward application of a service of suit clause, which as the *McDermott* court observed, operates "to waive the insurer's removal rights." *Id.* at 1205.

Thus, the district court properly found that by executing the service of suit clause, First State waived any right to seek removal from a court of competent jurisdiction selected by Russell - - in this case, the Circuit Court of Jefferson County, Alabama. Based on this finding, the district court concluded that the Insurers failed to comply with the unanimity requirement. As set forth above, the law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court. *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900); *In re Federal Savings & Loan Ins. Corp.*, 837 F.2d 432, 434 (11th Cir. 1988). Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the

17

significant federalism concerns arising in the context of federal removal jurisdiction. *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Despite their vigorous attempts, the Insurers cannot overcome this obstacle.

The Insurers cite numerous cases in their brief that do not concern the unanimity requirement, and, therefore, are inapposite. For instance, the Insurers discuss the case of *Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550 (9th Cir. 1991), where the court addressed the scope of an oral agreement to waive removal with respect to particularly identified claims. The *Ferrari* court found that the narrow waiver of removal rights with respect to payment claims did not necessarily constitute a waiver of the right to remove bad-faith claims that were not identified in the oral waiver agreement. *Id.* at 554-55. The court remanded and directed the district court to conduct further fact finding concerning the scope of the waiver. *Id.* at 555. This case is distinguishable because, *inter alia*, Russell's claims asserted under the First State policy unquestionably fell within the scope of the service of suit clause.

The Insurer's reliance on *Pegasus Transport, Inc. v. Lynden Air Freight,*

*Inc.*, 152 F.R.D. 574 (N.D. Ill. 1993),[5] and *Snider v. Lone Star Art Trading Co.*, *Inc.*, 672 F. Supp. 977 (E.D. Mich. 1987), is similarly misplaced. In *Pegasus*, the court declined to enforce forum selection clauses contained in 221 of 414 tariff schedules because all the claims in the case presented federal questions and the court did not have discretion to decline jurisdiction over claims arising from the tariff schedules that did not contain forum selection clauses. 152 F.R.D. at 576. In *Snider*, the court declined to enforce a forum selection clause applying to a single defendant in a civil RICO action involving multiple defendants. 672 F. Supp. 980-81. Further, the *Snider* court addressed the applicable forum selection clause in the context of the defendants' motion to transfer venue rather than on defendants' removal of the case. *Id.* at 979. Unlike the foregoing case, there is no suggestion here that the state courts are not entirely competent to interpret a state law contract dispute. This case does not contain the questions of federal law found in *Pegasus* and *Snider*. In both *Pegasus* and *Snider*, the forum selection clauses did not encompass the claims presented in those cases. Here, Russell's claims on

---

[5] The *Pegasus* court relied upon *Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848, 851 (8th Cir. 1987), *rev'd on other grounds*, *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989), which declined to enforce a forum selection clause because of allegations that the forum selection clause was obtained fraudulently, the predominance of substantial federal question claims that fell outside the scope of the forum selection clause, and the strong state policy forbidding forum selection clauses. None of these circumstances are present in this case.

the First State policy fall directly within the scope of the service of suit clause; this is a dispute concerning the failure to pay a claim and nothing more. Moreover, in neither *Pegasus* nor *Snider* was the court presented with the unanimity requirement. Accordingly, we find those cases unpersuasive.

Finally, the Insurers contend that the district court's remand order was unfair and unreasonable because it was based on one out of 79 policies at issue in this case. Stated differently, the Insurers propose that this court should recognize some type of "fairness" exception to the unanimity requirement. However, to our knowledge, no federal court has ever recognized such an exception.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Beginning with the United States Supreme Court's decision in *Chicago Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900), federal courts have universally required unanimity of consent in removal cases involving multiple defendants. There are several such bright line limitations on federal removal jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals) that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable

20

feature of a court system of limited jurisdiction that strictly construes the right to remove. We conclude that the district court correctly heeded these limitations.

## V. Conclusion

Because the district court based its remand order on a substantive decision separate from the removal process, § 1447(d) does not preclude us from reviewing the order. After carefully considering the order, we conclude that the district court correctly determined that First State waived its removal rights by executing the service of suit clause at issue. Consequently, the district court properly remanded the case to the state court for failure to comply with the unanimity requirement.

**AFFIRMED.**