[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 06, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10590
Non-Argument Calendar

_____

D. C. Docket No. 05-00844-CV-CAM-1

SUBODHCHANDRA T. PATEL,

Plaintiff-Appellant,

versus

MR. MCCALL, Officer, Cobb County Jail,
SHERIFF BILL HUTSON, Cobb County,
JOHN DOE, Chairman, Cobb County Board of
Commissioners,
HONORABLE R.E. FLOURNOY, III,
All above jointly and severally individually
and in their official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 6, 2006)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Subodhchandra T. Patel, a pro se Georgia prisoner, appeals the denial by the district court of his multiple motions for sanctioning fees and costs filed pursuant to 28 U.S.C. §§ 1927, 1919, 1920, 42 U.S.C. § 1988, and Federal Rule of Civil Procedure 54. Because we lack jurisdiction to review anything but the district court's 22 December 2005 order and because we find no abuse of discretion in the district court's conclusion that the record fails to support a finding of bad faith on the part of the defendants' counsel, we AFFIRM.

## I. BACKGROUND

Patel filed a pro se civil rights complaint in state court against defendants-appellees, Cobb County Jail Officer McCall, Cobb County Sheriff Bill Hutson, Cobb County Board of Commissioners Chairman, and the Honorable R.E. Flournoy, III, seeking recovery for alleged violations of numerous federal statutes, including 42 U.S.C. § 1983. The appellees removed Patel's case to federal court on the ground that his lawsuit alleged violation of rights protected by the Constitution. The notice stated that the appellees had "given written notice" to Patel, "filed a written notice with the Clerk of the Superior Court of Cobb County,"

2

and had "contacted counsel for the State defendant [the Honorable R.E. Flournoy III], and the State does not object to the removal." R1-1 at 2.

Patel "object[ed]," arguing, inter alia, that: (1) the notice of removal contained untruthful statements; (2) there was no documented confirmation of the state's consent to removal; and (3) the defendants were using the removal process to harass him and frustrate the litigation of his case. R1-6 at 2. 6. 10-11. The appellees responded that Patel had directly referred to 42 U.S.C. § 1983, along with other federal statutes, in his complaint and that he had set forth no legal basis precluding removal. Patel then filed a motion for remand, in which he argued that his case did not contain a federal question because the federal statutes cited merely filled gaps left by the state statutes. While the district court considered this motion, Patel proceeded to file a motion for summary judgment. The defendants responded with discovery requests, to which Patel responded with numerous further motions.

In an order addressing several motions filed by the parties, the district court, inter alia, denied Patel's motion to remand his case because Patel's complaint had alleged both federal and state causes of action, and Patel had failed to present any adequate reasons for remand. Patel filed a motion for reconsideration in which he argued, in part, that defendants had violated the rule of unanimous consent as set

3

forth by 28 U.S.C. § 1446 because no affidavit had been filed on behalf of the state

defendant, Flournoy, confirming his express consent to the removal. The district

court remanded the case pursuant to 28 U.S.C. § 1447, on the ground that the

"statement in the [defendants'] removal notice [as to the state's consent was]

insufficient to satisfy the unanimity rule even if it [were] construed as a consent"

and that the "defendants' later assurance of the State's intent to consent [were]

untimely and insufficient." R2-58 at 3.

Patel then filed an emergency motion for sanctions on 12 December 2005,

pursuant to 28 U.S.C. § 1927, which allows for costs, expenses, and attorneys' fees

for conduct that unreasonably and vexatiously "multiplies the proceedings." In

arguing that defendants had maliciously removed his pro se civil action, Patel

alleged that they had: (1) "instituted a chain of proceedings before the issue of

illegal removal [could] be resolved"; (2) misled the district court on 6 October

2005 to obtain a ruling in their favor; and (3) for over eight months "maintained a

stubborn, unapologetic, and vindictive attitude . . . in their attempts to perpetrate

injustice on [Patel] by legal manipulations." R2-66 at 2. Patel asserted that the

defendants' actions caused him to incur monetary damages in the amount of

$7,593.10, which included costs, expenses, and attorney time. Id. The defendants

responded that Patel was unable to prove either legally or factually that removal of

4

the civil case was improper. They asserted that they had possessed a good-faith belief that the showing of the state's consent in their notice of removal was sufficient to satisfy the rule on unanimity.

On 22 December 2005, the district court issued an order denying Patel's motion for sanctions on the grounds that the facts did not show maliciousness on the part of the defendants and that the "remand of [the] case resulted due to defendants' failure to timely obtain express consent from one of the defendants, [and that] such [a] procedural defect in a removal [did] not warrant an award of monetary damages." R2-73 at 1-2. On 3 January 2006, Patel filed a motion for reconsideration of the court's 22 December 2005 order, restating his previous arguments and contending that: (1) the court used one standard for licensed attorneys and another for pro se litigants; (2) the defendants knew that they were improperly removing the case to federal court; and (3) the court's rulings had favored the defendants. R2-75 at 1-2. More specifically, he added that defendants' counsel had acted in bad faith by: (1) presenting speculative and groundless presumptions of fact and law to have his case removed to federal court, (2) harassing him by choosing an inconvenient forum, and (3) compelling discovery "to obscure the issue of remand and sidetrack" the court from the issue of removal. R2-76 at 8. Patel supplemented the motion a second time to assert that he was also

entitled to all costs pursuant to 28 U.S.C. §§ 1919, 1920 and Federal Rule of Civil Procedure 54.

On 17 January 2006, Patel filed a second emergency motion for attorney's fees, expenses, and costs pursuant to 42 U.S.C. § 1988, 28 U.S.C. §§ 1919, 1920, and Rule 54, based again on the defendants' removal of his case. In this motion, he raised the amount of his claim to $8,843.10. R2-78 at 11. Then, on 18 January 2006, before the court had ruled on either the motion to reconsider the denial of sanctions or the second emergency motion, Patel filed a timely notice of appeal from the 22 December 2005 order. The notice specifically stated that: (1) the appeal was made under the jurisdiction of the "U.S. Court of Appeals for Eleventh Circuit;" and (2) the order appealed was the district court's 22 December 2005 order, denying his emergency motion for sanctions under 28 U.S.C. § 1927. R2-79 at 1. Patel also stated that:

> Plaintiff further informs and requests to Clerk of U.S. District Court to present Plaintiff's Motion for Reconsideration and its supplemental motions, and motions under 28 U.S.C. § 1919, 1920, Fed.R.Civ.P. Rule 54(c)(d), 42 U.S.C. § 1988, and O.C.G.A. 9-15-1 et seq. timely filed and pending for ruling so that the entire issue of paralegal's fees, expenses and costs can be determined by U.S. Court of Appeals if any or all of those motions are denied by U.S. District Court.

Id.

6

On 1 February 2006, the district court issued an order denying Patel's motion for reconsideration and the second emergency motion. As to the motion for reconsideration, the court found again that remand of the case resulted from the defendants' failure timely to obtain express consent from one of the defendants and that such a procedural defect did not indicate that the defendants had acted in bad faith warranting sanctions under § 1927. In denying Patel's second emergency motion for attorney's fees, the court found that: (1) § 1919 was inapplicable because it authorized the court to order payment of costs when an action was dismissed for lack of jurisdiction whereas Patel's case was remanded due to a procedural defect; and (2) § 1988, Rule 54, and § 1920 did not entitle Patel to receive attorney's fees and costs because Patel had yet to prevail on the merits of his claim as required by § 1988 and Rule 54 and because the costs he requested were not covered by § 1920. Patel did not file a notice of appeal from this order.

On 7 February 2006, however, Patel filed a motion for reconsideration of the district court's 1 February 2006 order and repeated his previous arguments. On the same day, Patel filed a document styled: "Plaintiff's Emergency Motion for Certified Questions to U.S. Court of Appeals (11th Cir.) If Hon. Court Declines to Provide Rulings on Key Procedural Issues Remained Unattended in This Case Which May Prejudice to Legal Interests of Plaintiff in State Court." R2-86 at 1. In

7

this document, Patel requested that the district court issue a ruling as to the timeliness of the defendants' notice of removal. Id. at 10. Patel also requested that "in [the] absence of any ruling [by the district court] on the issues presented, please, [for someone to] forward questions to be certified by the U.S. Court of Appeals (11th Cir.)." Id. These questions included: (1) when an advance payment of filing fees must be made and (2) what "special rules, general rules or statutes of the United States Courts" allow a "clerk of court" or "a court [to] by-pass it[]s Local Rules to 'favor' a litigant over the other party/ies." Id. at 11. The district court characterized this document as an "Amended Notice of Appeal" from the 22 December 2005 order. See R1, District Court Docket Sheet, Entry No. 86.

On 9 February 2006, the district court issued an order denying Patel's motion for reconsideration of its 1 February 2006 order. The district court found no manifest error of law or fact in its previous two orders denying Patel's motions for attorney's fees and costs. Patel filed no further notice of appeal.

## II. DISCUSSION

A. Scope of Appellate Jurisdiction

In his brief, Patel states that he is appealing from the district court's 22 December 2005, 1 February 2006, and 9 February 2006 orders. We must "independently examine our appellate jurisdiction and dismiss when our

8

jurisdictional limits are exceeded." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1043 (11th Cir. 2001).

"In a civil case . . . [a] notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Both a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59 and a motion for relief from judgment under Federal Rule of Civil Procedure 60 toll the time to file an appeal for all parties "from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A)(iv), (vi). Additionally, a notice of appeal must:

> (A) specify the party or parties taking the appeal by naming each one
> in the caption or body of the notice . . . ;
> (B) designate the judgment, order, or part thereof being appealed; and
> (C) name the court to which the appeal is taken.

Fed. R. App. P. 3(c)(1). "The test for determining the sufficiency of a notice of appeal is 'whether it is objectively clear that a party intended to appeal.'" Bogle v. Orange County Bd. of County Comm'rs, 162 F.3d 653, 660 (11th Cir. 1998) (quoting Fed. R. App. P. 3(c) advisory committee's note (1993 amendment)).

The district court's 22 December 2005 order denying Patel's 12 December 2005 emergency motion for sanctions filed pursuant to § 1927 is properly within the scope of the appeal. The notice of appeal as to that order was timely filed on 18 January 2006 and specifically stated that: (1) the order being appealed was the

9

22 December 2005 order denying Patel's emergency motion under § 1927; and (2) the appeal was being taken under the jurisdiction of this court. However, Patel never filed an additional or amended notice of appeal as to the district court's 1 February 2006 or 9 February 2006 orders. Thus, an issue arises as to whether these two orders are within the scope of this appeal.

Generally, we have held that when a litigant "fail[s] to file an additional or amended notice of appeal referring to [a] subsequent order, [we are] without jurisdiction to hear the appeal on the merits." Id. We have also observed that "Rule 3(c) requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed." Id. at 661. We explained that "a litigant who file[s] a notice of appeal prior to the entry of the relevant order without referring to that order ha[s] failed to satisfy FRAP 3." Id. at 660 (citing McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986)).

However, an appellate brief may be construed as a notice of appeal so long as the appellate brief was filed within the time limits governing notices of appeal. Smith v. Barry, 502 U.S. 244, 248-49, 112 S. Ct. 678, 682 (1992) (examining whether a pro se appellant's brief could constitute a notice of appeal). The Supreme Court explained that, even though the requirements of Rule 3 are

10

jurisdictional, they are also liberally construed.  Id. at 248, 112 S. Ct. at 682.  To determine whether a document should be construed as a notice of appeal, we follow a two-part test.  Rinaldo v. Corbett, 256 F.3d 1276, 1278-79 (11th Cir. 2001) (citing Barry, 502 U.S. at 248, 112 S. Ct. at 681-82).  First, we ask whether the document fulfills the three-part requirement of Rule 3(c)(1) and is therefore the "functional equivalent" of a notice of appeal.  Id.  Second, we ask "whether it is objectively clear [from the document] that a party intended to appeal" such that the other parties and the courts are provided with sufficient notice.  Id.  at 1279 (quotations omitted).  "If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."  Barry, 502 U.S. at 248-49, 112 S. Ct. at 682.  Finally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Despite this leniency "afforded pro se litigants, we nevertheless have required them to conform to procedural rules."  Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam).

As noted earlier, Patel never filed either an additional or amended notice of appeal as to either the 1 or 9 February 2006 orders.  In his 18 January 2006 notice of appeal, Patel stated that:

11

> Plaintiff further informs and requests to Clerk of U.S. District Court to present Plaintiff's Motion for Reconsideration and its supplemental motions, and motions under 28 U.S.C. § 1919, 1920, Fed.R.Civ. P. 54(c)(d), 42 U.S.C. § 1988, and O.C.G.A. 9-15-1 et seq. timely filed and pending for ruling so that the entire issue of paralegal's fees, expenses and costs can be determined by U.S. Court of Appeals if any or all of those motions are denied by U.S. Court.

R2-79 at 1. This instruction, however, runs counter to our interpretation of Rule 3(c) requiring that the notice designate an existent order. See Bogle, 162 F.3d at 661. Additionally, although Patel's " Emergency Motion For Certified Questions," filed on 8 February 2006, was construed by the district court and labeled on the docket sheet as an "Amended Notice of Appeal" from the 22 December 2005 order, it fails to reference any subsequent district court order and only presents questions for the district court and us to answer. Thus, it does not meet the Rule 3(c) requirements.

Additionally, Patel's appellate brief may not be liberally construed as a notice of appeal of the 1 and 9 February 2006 orders pursuant to Barry and Rinaldo. Even though Patel's brief meets the three-part requirements of Rule 3(c)(1), it was not filed within the 30-day notice of appeal time period. Even if Patel's 7 February 2006 motion for reconsideration as to the district court's 1 February 2006 order were construed as a Rule 59(e) motion tolling that period, the order denying that motion for reconsideration was entered on 9 February 2006.

12

Patel did not file his appellate brief until 22 March 2006, well over 30 days later. Thus, we may not construe Patel's appellate brief as the "functional equivalent" of a notice of appeal. Accordingly, the only order that falls within the scope of our review is the 22 December 2006 order.[1]

B. Subject Matter Jurisdiction

We also inquire sua sponte into subject matter jurisdiction "whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004). We lack jurisdiction to review most remand orders, including the one at issue here.[2] 28 U.S.C. § 1447(d). However, although we have yet specifically to address whether we have jurisdiction to review a remand order in considering a motion for sanctions pursuant to 28 U.S.C. § 1927, we have specifically held that "[w]e may review the merits of a remand order in considering whether the district court abused its discretion by awarding attorneys' fees and costs under 28 U.S.C.

---

[1] Patel also argues that the defendants lied about their failure to make the advance payment of $250 when filing their notice of removal and that the district court did not have jurisdiction over his case because the notice of removal was procedurally and structurally defective. These issues, however, were rendered moot by the district court's remand of the case.

[2] "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). This case was removed pursuant to 28 U.S.C. § 1441. R1-1 at 2.

§ 1447(c)."[3]  Legg v. Wyeth, 428 F.3d 1317, 1319 (11th Cir. 2005).  We explained

that:

> While 28 U.S.C. § 1447(d) bars our review of a remand such as this
> one based on lack of subject matter jurisdiction, the statute does not
> exclude the district court's assessment of costs from appellate review.
> As the Fifth Circuit has explained [in Hornbuckle v. State Farm
> Lloyds, 385 F.3d 538, 541 (5th Cir. 2004)], while we may not review
> the decision to remand itself, we must, as part of our examination of
> the award of fees, consider the objective validity of the removing
> party's efforts, at the time that party attempted to remove the case.

Id. at 1319-20 (citations and quotes omitted).  Even though Patel seeks fees and

costs as sanctions pursuant to 28 U.S.C. § 1927, as opposed to costs and expenses

pursuant to 28 U.S.C. § 1447(c), we have jurisdiction to review Patel's appeal

since our review of the fees and costs requested by Patel under § 1927 would

require us to "consider the objective validity of the removing party's efforts, at the

time that party attempted to remove the case," and we have specifically held that

we have jurisdiction to review such matters.  See Wyeth, 428 F.3d at 1319-20.

C. Motions for Fees, Costs, and Expenses as Sanctions under 28 U.S.C. § 1927

---

[3]  28 U.S.C. § 1447(c) states that:

A motion to remand the case on the basis of any defect other than lack of subject
matter jurisdiction must be made within 30 days after the filing of the notice of
removal under section 1446(a).  If at any time before final judgment it appears that
the district court lacks subject matter jurisdiction, the case shall be remanded.  An
order remanding the case may require payment of just costs and any actual expenses,
including attorney fees, incurred as a result of the removal.  A certified copy of the
order of remand shall be mailed by the clerk to the clerk of the State court.  The State
court may thereupon proceed with such case.

14

Patel argues that the district court erred in denying him fees and expenses in light of the fact that he provided the court with detailed reasons for his eligibility for compensation under 28 U.S.C. § 1927. We review a district court's decision regarding the imposition of sanctions under 28 U.S.C. § 1927 for an abuse of discretion. See Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003). Section 1927 addresses counsel's liability for excessive costs and states that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "For sanctions under section 1927 to be appropriate, something more than a lack of merit is required. The statute was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith," but not by conduct constituting "mere negligence." Schwartz, 341 F.3d at 1225 (quotations and citations omitted). Bad faith exists "where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." Id.

The record in this case fails to support a finding of bad faith on the part of the defendants' counsel. Patel failed to submit any evidence of conduct beyond

15

mere negligence. The defendants claimed that they thought they had properly executed removal by obtaining consent from all of the defendants. The district court remanded the case only because of the defendants' failure timely to have one of its defendants expressly consent to removal.

Additionally, Patel, not the defendants, multiplied the proceedings. While the issue of removal was before the court, it was Patel who filed a motion for summary judgment prior to any discovery being conducted. The defendants responded to Patel's motion with discovery requests and Patel responded to those by filing several additional motions. Accordingly, we see no abuse of discretion in the district court's conclusion that Patel failed to show justification for sanctions pursuant to 28 U.S.C. § 1927.

### III. CONCLUSION

Patel appeals the denial of his motions for fees and costs incurred in connection with the removal and remand of his civil rights complaint. Because we lack jurisdiction to review anything but the district court's 22 December 2005 order and because we find no abuse of discretion in the district court's conclusion that the record fails to support a finding of bad faith on the part of the defendants' counsel, the district court's order is **AFFIRMED.**