**Katherine D. BELKNAP, Plaintiff,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**No. 8:05 CV 731 T24EAJ.**

United States District Court,
M.D. Florida,
Tampa Division.

June 9, 2005.

William Francis Rutger, Attorney at Law, Palm Harbor, FL, for Plaintiff.

Irene Bassel, Akerman Senterfitt, P.A., Tampa, FL, Ralph C. Losey, Akerman Senterfitt, P.A., Orlando, FL, for Defendant.

## ORDER

BUCKLEW, District Judge.

This cause comes before the Court on Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss Plaintiff's Complaint and Strike Jury Demand. (Doc. No. 4). Plaintiff opposes this motion. (Doc. No. 5). Additionally, parties filed supplemental briefs at the Court's request. (Doc. Nos. 8 and 9).

### I. Background

On February 3, 2005, Katherine D. Belknap ("Plaintiff") filed an action for disability benefits against Hartford Life and Accident Insurance Company ("Defendant") in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. (Doc. No. 2). Defendant removed this case stating that this action is a federal question action because Plaintiff seeks disability benefits under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (Doc. No. 1 at 2).

Defendant then filed the instant motion to dismiss the complaint and strike the jury demand, because the insurance policy Plaintiff seeks relief under is governed by ERISA as an "employee welfare plan," and ERISA preempts state causes of action. (Doc. No. 4 at 2–3). Plaintiff opposes this motion. (Doc. No. 5). On May 2, 2005, this Court directed both parties to supplement their arguments as to Defendant's motion to dismiss Plaintiff's complaint and strike jury demand and specifically address the issue of whether the insurance policy is governed by ERISA. (Doc. No. 6).

## II. Standard of Review for a Motion to Dismiss

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir.2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir.1999)). A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." *Id.* at 47, 78 S.Ct. 99. All that is required is "a short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir.1986). The Federal Rules of Civil Procedure have adopted this "simplified pleading" approach because of "the liberal opportunity for discovery and other pretrial procedures ... to disclose more precisely the basis of both claim and defense." *Conley*, 355 U.S. at 48, 78 S.Ct. 99. The purpose of notice pleading is to reach a decision on the merits and to avoid turning pleading into "a game of skill in which one misstep by counsel may be decisive to the outcome." *Id.*

## III. Discussion

Defendant claims that the insurance policy Plaintiff seeks relief under is governed by ERISA; therefore, Plaintiff does not have a state cause of action. (Doc. No. 4 at 3). Plaintiff does not contest Defendant's assertion that insurance policies that are governed by ERISA preempt state causes of action; rather, Plaintiff contends that Defendant's insurance policy is not governed by ERISA (Doc. No. 5 at 1).

ERISA applies to any "employee benefit plan." 29 U.S.C. § 1003. Whether the insurance policy at issue falls within ERISA depends on whether the insurance policy qualifies as an "employee benefit plan." Under ERISA the term "employee welfare benefit plan" is defined as:

> any plan, fund, or program ... established or maintained by an employer or by an employee organization ... for the purpose of providing its participants or their beneficiaries, through the purchase of insurance or otherwise, ... medical, surgical ... or benefits in the event of sickness, accident, disability, death, or unemployment.

29 U.S.C. § 1002(1).

The Eleventh Circuit has stated that to be an employee welfare plan governed by ERISA requires: "(1) a 'plan, fund, or program' (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care,

sickness, accident, disability, death, unemployment or vacation benefits ... (5) to participants or their beneficiaries." *Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir.1982).

The Department of Labor has also issued "safe harbor" regulations providing "that group insurance offered to workers through their place of employment will *not* be deemed an ERISA plan if the insurance program satisfies certain enumerated criteria." *Randol v. Mid–West National Life Insurance Company of Tennessee,* 987 F.2d 1547, 1549 (11th Cir.1993)(emphasis in original). The safe harbor regulations, which enumerate these criteria, provide that:

> For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with the payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–1(j). Failure to satisfy any one of the four safe harbor provisions

"closes the safe harbor and exposes a group insurance program, if it otherwise qualifies as an ERISA program, to the strictures of the Act." *Johnson v. Watts Regulator Company,* 63 F.3d 1129, 1133 (1st Cir.1995).

■ The main point of controversy is whether or not the safe harbor provisions are satisfied by the plan. To determine whether ERISA applies to a particular plan, "courts usually begin by examining whether the plan falls into the regulatory safe harbor." *Anderson v. UNUM Provident Corporation,* 369 F.3d 1257, 1263 n. 2 (11th Cir.2004). Plaintiff maintains that safe harbor provisions (1), (2), and (4) are satisfied because Plaintiff's employer, Wal–Mart Stores, Inc. ("Wal–Mart"), does not contribute to an employee's long term disability coverage, participation in the long term disability coverage is completely voluntary, and no consideration is given to Wal–Mart by Defendant. (Doc. No. 9 at 1–2). Defendant does not contest that these three provisions are met.

■ However, there is sharp disagreement between the parties as to whether safe harbor provision (3) is satisfied. As to provision (3), the Eleventh Circuit has held that "to qualify for the safe harbor, an insurance program may not, in part, be endorsed by the employer, whose sole function must only be 'to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer.'" *Anderson,* 369 F.3d at 1262 (citing 29 C.F.R. § 2510.3–1(j)(3)). An employer will be said to have endorsed a program, if "in the light of all the surrounding facts and circumstances, an objectively reasonable employee would conclude on the basis of the employer's actions that the employer had not merely facilitated the program's availability but had exercised control over it or

made it appear to be part and parcel of the company's own benefit package." *Johnson*, 63 F.3d at 1135.

Wal–Mart's endorsement of the plan is evidenced in the Wal–Mart summary plan description ("SPD"), also titled the "Associate Benefits Book," which describes the benefits available to employees of Wal–Mart. (Doc. No. 8, Exhibit 1).[1] The Wal–Mart logo is found on the cover of the SPD, as well as on the introduction page. The introduction of the SPD specifically states that "Wal–Mart offers you security and protection" by offering Long–Term Disability and Short–Term Disability benefits. (Doc. No. 8, Exhibit 1 at A1). Wal–Mart lists the eligibility requirements in the SPD and has the power to determine which employees are able to receive coverage under the plan. (Doc. No. 8 at C1). Wal–Mart also establishes the enrollment conditions of the plan and is listed as the sponsor of the plan. (Doc. No. 8, Exhibit 1 at C2, R2). Furthermore, the agent for service of legal process relating to claims based on the plan is Robert K. Rhoads, the Senior Vice President, General Counsel, and Secretary of Wal–Mart Stores, Inc., and the plan specifically contains a "Statement of ERISA Rights." (Doc. No. 8, Exhibit 1 at R2, R5). These facts, taken together, lead the Court to conclude that a reasonably objective employee would believe that Wal–Mart exercised control over Defendant's plan and that the plan was part of the company's own benefit package. Therefore, safe harbor provision (3) is not satisfied in this case, and this plan does not fall into the regulatory safe harbor. *See Randol*, 987 F.2d at 1549.

However, a plan that falls outside the safe harbor provision does not necessarily fall within ERISA jurisdiction; therefore, the Court must next "engage in the conventional analysis of whether the plan was 'established' or 'maintained' by the employer." *Anderson*, 369 F.3d. at 1263 n. 2.

■ Defendant asserts that the employee benefit plan at issue was both established and maintained by Wal–Mart, and that the plan meets the requirements of an ERISA plan under the Eleventh Circuit's analysis in *Donovan*. (Doc. No. 8 at 4). Despite this Court's order directing the parties to discuss both the safe harbor regulations *and* the elements set forth by the Eleventh Circuit in *Donovan*, Plaintiff neglected to discuss the *Donovan* elements in her supplementary brief. (Doc. No. 9). Thus, Plaintiff makes no claim that the elements set forth in *Donovan* are not met by the plan. Even so, the Court finds that the SPD clearly evidences that the plan is both "established" and "maintained" by Wal–Mart. *See Anderson*, 369 F.3d at 1265–1267(finding that the following actions and representations, among others, are sufficient to establish the an employer "established" or "maintained" a benefit plan: an employer's emblem appearing on documents relating to a benefit program, an employer expressing an intent to provide benefit on a long term basis, an employer's ongoing obligation under the plan, and the plan actually stating ERISA as the governing law.)

Since the plan does not fall into the regulatory safe harbor and the *Donovan* requirements are met, this Court finds that the plan is governed by ERISA and all state law claims are preempted. Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant Hartford Life and Accident Insurance Company's Motion to

---

1. When a plaintiff refers to documents in a complaint that are central to plaintiff's complaint, a court may consider the documents as part of the pleading for the purposes of a motion to dismiss. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997).

Dismiss Plaintiff's Complaint and Strike Jury Demand (Doc. No. 4) is **GRANTED** to the extent that Plaintiff's complaint based on state law is preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.;

(2) Plaintiff is granted leave to file an amended complaint in accordance with the findings in this order on or before June 27, 2005. **Failure to do so will result in the Court closing this case without further notice.**