JAMES S. MOODY, JR., UNITED STATES DISTRICT JUDGE
Herman Collins and his wife purchased group life insurance and optional spousal coverage from Life Insurance Company of North America ("LINA") through their employer, Fluid Routing Solutions, LLC
*1078 ("FRS"). When LINA did not pay benefits owed, Collins sued LINA and FRS in state court. FRS removed, alleging Collins is seeking to recover benefits from a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Collins argues the case should be remanded because the group life insurance plan falls within an ERISA safe harbor exception. Because the safe harbor exception is inapplicable, the Court concludes the Motion should be denied.
BACKGROUND
FRS offered a comprehensive welfare benefit plan to its employees, under which FRS was the plan sponsor and administrator. (Doc. 23-1). In addition to offering health, vision, disability, and other insurance, FRS also offered optional life insurance coverage that was funded by payroll deductions from employees who elected to take the coverage. (Doc. 23-1). The life insurance benefit was insured by a group insurance policy issued by LINA. (Doc. 23-1). FRS chose the coverage options, levels of benefits, and determined the eligibility waiting period for qualified employees. (Doc. 23-1). The policy specified that FRS was the plan sponsor and administrator, which meant FRS had the authority to control and manage the operation and administration of the plan. (Doc. 23-1).
The group life insurance policy, attached to the Complaint, contained a Supplemental Information form required by ERISA. (Doc. 2-1, pp. 21-24). This form provided ERISA disclosures and told participants that they were entitled to certain rights and protections under ERISA. The form also explained how to make a claim under the policy, noting that, if a claim was denied, LINA was required to provide the claimant with
A statement informing you of your right to appeal the decision, and an explanation of the appeal procedure, including a statement of your right to bring a civil action under Section 502(a) of ERISA if your appeal is denied.
(Doc. 2-1, p. 22).
In addition to the Supplemental Information form, the group life insurance policy also contained an Amendatory Rider that described "CLAIM PROCEDURES APPLICABLE TO PLANS SUBJECT TO THE EMPLOYEE RETIREMENT INCOME SECURITY ACT" (the "ERISA Rider"). (Doc. 2-1, pp. 47-48). The ERISA Rider explained,
This Policy has been issued in conjunction with an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). This Policy is a Plan document within the meaning of ERISA. As respects the Insurance Company, it is the sole contract under which benefits are payable by the Insurance Company. Except for this, it shall not be deemed to affect or supersede other Plan documents.
The Plan Administrator has appointed the Insurance Company as the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals of denied claims.
(Doc. 2-1, p. 47) (emphasis added).
On January 1, 2008, Collins and his wife enrolled in the group life insurance benefits plan offered by their employer, FRS. (Doc. 2, ¶¶ 10, 11, 21). Collins alleges that in addition to the life insurance coverage, he and his wife paid extra for spousal life insurance coverage. (Doc. 2, ¶ 11). Collins wife died on December 27, 2012. (Doc. 2, ¶ 15). LINA paid benefits to Collins under his wife's life insurance coverage, but allegedly failed to pay benefits under his spousal coverage.
*1079 Nearly five years after making his claim for spousal death benefits, Collins sued FRS and LINA in Florida state court. (Doc. 2). The Complaint brings claims for breach of contract, breach of fiduciary duty, and unjust enrichment against FRS and LINA. FRS timely removed the action to this Court, alleging that Collins's claims are governed by ERISA.
MOTION TO REMAND STANDARD
"Federal courts are courts of limited jurisdiction." U.S. v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005). The removing party bears the burden of demonstrating that removal is proper. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). A district court is required to " 'strictly construe the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.' " Scimone v. Carnival Corp. , 720 F.3d 876, 882 (11th Cir. 2013) (internal punctuation marks omitted) (quoting Russell Corp. v. Am. Home Assur. Co. , 264 F.3d 1040, 1050 (11th Cir. 2001) ).
Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court." 28 U.S.C. § 1441(a). This includes cases involving a federal question, meaning cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a case involves a federal question typically turns on the "well-pleaded complaint" rule, which requires courts to determine whether a federal question is involved by looking solely to the plaintiff's complaint. Aetna Health Inc. v. Davila , 542 U.S. 200, 207, 124 S.Ct. 2488, 2494, 159 L.Ed.2d 312 (2004). So "a defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." Id. (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ) (italics in original).
But there is an exception to the "well-pleaded complaint" rule.
"[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." ERISA is one of these statutes.
Id. at 207-08, 124 S.Ct. 2488 (internal citations omitted).
DISCUSSION
The Court concludes the group life insurance plan under which Collins is seeking benefits is an ERISA employee welfare benefit plan. See 29 U.S.C. § 1002(1) ; Donovan v. Dillingham , 688 F.2d 1367, 1371 (11th Cir. 1982). Collins does not argue otherwise. Instead, Collins argues that the group life insurance plan is excepted from ERISA under the U.S. Department of Labor's safe harbor regulation. 29 C.F.R. § 2510.3-1(j). The safe harbor provision states:
(j) Certain group or group-type insurance programs. For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which *1080 (1) No contributions are made by an employer or employee organization;
(2) Participation the program is completely voluntary for employees or members;
(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.
29 C.F.R. § 2510.3-1(j). After careful consideration, the Court concludes that the group life insurance plan at issue does not fall within the safe harbor exception.
"The requirements for a safe harbor exception under 29 C.F.R. § 2510.3-1(j) are strict." Moorman v. UnumProvident Corp. , 464 F.3d 1260, 1267 (11th Cir. 2006) (citing Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1213 (11th Cir. 1999) ). "Failure to satisfy any one of the four safe harbor provisions 'closes the safe harbor and exposes a group insurance program, if it otherwise qualifies as an ERISA program, to the strictures of the Act.' " Belknap v. Hartford Life & Accident Ins. Co. , 389 F.Supp.2d 1320, 1323 (M.D. Fla. 2005) (quoting Johnson v. Watts Regulator Company, 63 F.3d 1129, 1133 (1st Cir. 1995) ).
FRS concedes that elements (1), (2), and (4) of the safe harbor provision are satisfied, but argues that element (3) is not satisfied because FRS endorsed the group life insurance plan. As the Eleventh Circuit explained in Butero , "The [third element of the] regulation explicitly obliges the employer who seeks its safe harbor to refrain from any functions other than permitting the insurer to publicize the program and collecting premiums." 174 F.3d at 1213 (italics in original). The Butero court held that the third element was not satisfied because the employer "decided on key terms, such as portability and the amount of coverage; it deemed certain employees ineligible to participate; ... and it retained the power to alter compensation reduction for tax purposes." Id. at 1213-14. Relying on Butero , the Eleventh Circuit in Moorman held the third element was not satisfied because the employer decided on at least one of the eligibility terms, the employer selected the plan and made it part of its available benefits, and the employer kept claim forms and assisted in filling them out. 464 F.3d at 1268-69.
Like the Eleventh Circuit in Butero and Moorman , this Court also concludes that the third element is not satisfied here because FRS did more than allow LINA to publicize the plan and collect premiums. As FRS argued in its response, "FRS chose the insurer, chose the coverage options and level of benefits available to FRS employees under the policy, and determined the applicable eligibility waiting period for qualifying employees." (Doc. 23, p. 16). And Collins alleges in the Complaint that FRS "advised, counseled and encouraged participation in" the plan to Collins as an employee of FRS. (Doc. 2, ¶ 41). So the Court concludes that safe harbor exception does not apply because the third element is not satisfied. The Motion to Remand, therefore, should be denied.
CONCLUSION
Collins's Motion to Remand is without merit. The group life insurance plan undoubtedly *1081 is governed by ERISA, and the safe harbor exception on which Collins relies is inapplicable. So Collins's state law claims are completely preempted by ERISA, thus giving this Court jurisdiction. Although the Court has determined that Collins's claims are completely preempted, Collins will be given an opportunity to respond to Defendants' Motions to Dismiss if he has a good-faith basis for believing this action should not be dismissed in light of the Court's ruling.
Accordingly, it is ORDERED AND ADJUDGED that:
1. Plaintiff's Motions to Remand and for Attorney's Fees (Doc. 12) is DENIED.
2. Plaintiff shall have ten (10) days from the date of this Order to respond to Defendants' Motions to Dismiss (Docs. 14 and 22).
DONE and ORDERED in Tampa, Florida, this 23rd day of April, 2018.